UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BETH RICHINO-BROWN, f/k/a BETH RICHINO, an individual, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No.: |
| | : |
| MIDLAND FUNDING LLC, a foreign limited liability company, | : |
| and MIDLAND CREDIT MANAGEMENT, INC., a foreign for-profit corporation, | : |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## COMPLAINT

**COMES NOW**, Plaintiff, BETH RICHINO-BROWN, f/k/a BETH RICHINO (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, MIDLAND FUNDING LLC (hereinafter, "MF") and MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MCM") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3) and 28 United States Code, Section 1337.

2. Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

1

3. At all material times herein, Plaintiff is an individual residing in Montgomery County, Pennsylvania.

4. At all material times herein, MF is a foreign limited liability company existing under the laws of the state of Delaware and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly purchases and collects defaulted consumer debts from residents in the Eastern District of Pennsylvania.

5. At all material times herein, MCM is a foreign for-profit corporation existing under the laws of the state of Kansas and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly collects defaulted consumer debts owed or asserted to be owed to MF from residents in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

7. Upon information and belief, MF purchased debt allegedly owed by Plaintiff after such debt entered default.

8. Upon information and belief, MF assigned Plaintiff's debt to MCM for collection.

9. At all material times herein, MCM acted on MF's behalf, and with MF's knowledge, consent, and approval when MCM made telephone calls to Plaintiff in its attempts to collect the debt.

10. All necessary conditions precedent to the filing of this action occurred or Defendants waived.

## FACTUAL ALLEGATIONS

11. MCM made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 267.XXX.3720 using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

12. At all material times herein, Plaintiff, is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.3720 (hereinafter, "Plaintiff's Cellular Telephone").

13. At no time herein did Defendants possess prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

14. At no time herein did Defendant possess prior express consent to call Plaintiff's Cellular Telephone as Plaintiff never provided Plaintiff's Cellular Telephone to Defendants or the original creditor.

15. Additionally, if Defendants contend they made the below-referenced phone calls for "informational purposes only," they nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

16. MCM made each call to Plaintiff's Cellular Telephone on MF's behalf, and with MF's consent, knowledge, and approval.

17. Despite lacking prior express consent, from 2013 through approximately May 2015, Defendants made approximately four (4) calls every day to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

18. As of September 1, 2016, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. and the Law Office of Joseph M. Adams (hereinafter collectively "Undersigned Counsel")

for representation with respect to her TCPA claims against Defendants.

19. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

20. Plaintiff has not been able, due to both professional and/or personal commitments, as well as the continued and increasing stress associated with the continued barrage of autodialed telephone calls, to record the specifics on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a subset and general description of the total calls she is aware of and that each caused emotional distress, anxiety, and inability to use her Cellular Telephone when Defendants made such calls, all made in violation of the TCPA. Moreover, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

21. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made to Plaintiff's Cellular Telephone using any ATDS, PTDS, or APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations prescribed thereunder.

22. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made to Plaintiff's Cellular Telephone using any ATDS, PTDS, or APV to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations prescribed thereunder.

### COUNT ONE:
### TELEPHONE CONSUMER PROTECTION ACT-
### VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

4

23. Defendants are both subject to, and each violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

24. At no time herein did Defendants possess consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

25. Despite lacking Plaintiff's prior express consent, MCM, on MF's behalf—and with MF's consent, knowledge, and approval—used and ATDS, a PTDS, or an APV to make calls to Plaintiff's Cellular Telephone *at least* four (4) times a day from approximately 2013 through May 2015.

26. The phone calls MCM made to Plaintiff on MF's behalf—and with MF's consent, knowledge, and approval—are the result of a repeated willful and knowing violation of the TCPA.

27. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

   a. The periodic loss of her cellular telephone service;

   b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under her cellular telephone service contract; and

   c. Emotional distress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests entry of:

   a. Judgment against Defendants declaring that Defendants violated the TCPA;

   b. Judgment enjoining Defendants from making further autodialed phone calls to Plaintiff's Cellular Telephone;

    c.    Judgment for Plaintiff against Defendants awarding the greater of actual damages or statutory damages in the amount of $500.00 for each of Defendants' telephone calls to Plaintiff's Cellular Telephone in violation of the TCPA;

    d.    Judgment for Plaintiff against Defendants awarding treble damages in the amount of an additional $1,000.00 for each telephone call made to the Plaintiff's Cellular Telephone in violation of the TCPA where Defendants acted knowingly and/or willfully; and

    e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully Submitted,

*/s/ Joseph M. Adams*

Joseph M. Adams, Esq., PBN 58430
Law Office of Joseph M. Adams
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Phone: (215) 996-9977
Fax: (215) 996-9111
josephmadamsesq@verizon.net

**and**
Ian R. Leavengood, Esq., FBN 0010167
Aaron M. Swift, Esq., FBN 093088
Gregory H. Lercher, Esq., FBN 0106991
Sara J. Weiss, Esq., FBN 0115637
LeavenLaw, P.A.
Northeast Professional Center

                                        3900 First Street North, Suite 100
                                        St. Petersburg, FL 33703
                                        Phone: (727) 327-3328
                                        Fax: (727) 327-3305
                                        consumerservice@leavenlaw.com
                                        aswift@leavenlaw.com
                                        glercher@leavenlaw.com
                                        sweiss@leavenlaw.com
                                        *pro hac vice application forthcoming*
                                        *Attorneys for Plaintiff*